■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL BENNOR, Appellant. — Appeal from a judgment of the County Court of Franklin County (Plumadore, J.), rendered January 12, 1981, upon a verdict convicting defendant of the crime of burglary in the third degree. On May 9, 1980, an inspection by its manager of the warehouse of the Plattsburgh Motor Service revealed that a window was broken and a vacuum cleaner and an automobile towing device were missing. The burglary and theft were reported to the local police and on May 26, 1980 a police car observed a truck with an attached

towing device similar to the one reported stolen. When questioned, the driver of the truck stated that he had purchased the towing device from a James McCray, who told the police that he had received it from his sister-in-law, Carolyn La Rocque, who, in turn, indicated that the items belonged to defendant. Equipped with this information, Police Officer Phillips, who knew that defendant was then in jail,[*] called an attorney named Murtagh who had represented defendant in connection with the prior criminal proceeding and the officer informed the attorney that he wished to speak with defendant about a burglary. The attorney told the officer that he no longer represented defendant, but that if defendant refused to talk, Mr. Murtagh should be informed immediately. Following this conversation, Officer Phillips proceeded to the Franklin County jail where he met defendant and informed him of the purpose of his visit. The officer testified at trial (no *Huntley* hearing was requested or held) that he read defendant his *Miranda* rights and that after doing so defendant agreed to answer questions without counsel, but refused to put a statement in writing, and orally admitted the crime. Defendant was indicted and convicted of burglary in the third degree. On this appeal, he argues (1) that his oral statement was obtained in violation of his constitutional right to counsel; (2) that he was denied the effective assistance of counsel; and (3) that the jury based its verdict on improperly admitted evidence. Considering defendant's last contention first, it appears that Officer Phillips and James McCray were permitted, over defendant's objections, to testify to statements made to them by Carolyn La Rocque, who was not called as a witness. This testimony was admitted by the trial court under the "declaration against penal interest" exception to the hearsay rule. To allow such testimony, the trial court mistakenly ruled Carolyn La Rocque unavailable as a witness and incompetent to testify because she had married defendant one week prior to the commencement of the trial. The unavailability of the witness is the first element that must be present in order to qualify such testimony under this exception to the hearsay rule (*People v Settles,* 46 NY2d 154, 167). The District Attorney who introduced the testimony now commendably concedes his error since the statements of Carolyn La Rocque were made prior to her marriage to defendant and, therefore, she was not unavailable. Independent of this testimony, the only evidence connecting defendant to the crime was his oral admission to Officer Phillips. The error cannot, therefore, be classified as harmless, and the judgment must be reversed and a retrial ordered. Accordingly, we need not reach the issue of adequate representation. In view of the retrial being ordered herein, defendant, if so advised, may move for a *Huntley* hearing to determine the admissibility of his oral statements made to Officer Phillips while incarcerated. No such hearing having been held prior to defendant's trial, it is impossible for this court on this record to make such determination. Judgment reversed, on the law, and new trial ordered. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.

---

[*] Defendant was in jail for violation of probation on a prior charge.